**In the Matter of D.J.**

**No. 2–95–031–CV.**

Court of Appeals of Texas,
Fort Worth.

Nov. 9, 1995.

Cindy Stormer, Gainesville, for Appellant.

Tim Curry, Criminal District Attorney; Betty Marshall and Charles M. Mallin, Assistant Chiefs of Appellate Section; Elizabeth A. Martin, Kenneth Mullin, Bobbie Villareal, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Before CAYCE, C.J., and DAUPHINOT and H. BRYAN POFF, Jr. (Assigned), JJ.

## OPINION

POFF, Justice (Assigned).

Appellant, D.J. is a sixteen-year-old male who was charged with several aggravated robberies. The State requested that D.J. be tried as an adult. A transfer hearing was held and the juvenile court found D.J. should be certified and charged as an adult. D.J. appeals the transfer and certification and in three points of error contends that the court lacked jurisdiction over his cause, that the court erred in allowing illegally obtained confessions into evidence, and that the court erred in admitting evidence that D.J. was a gang member. We overrule the points of error and affirm the judgment.

On September 12th and 16th 1994, D.J. and three accomplices went on a crime spree and committed several aggravated robberies. In each case the victims were threatened with a firearm and their money and personal possessions were taken. D.J. and his accomplices were identified from photo lineups as the robbers and they were subsequently arrested. The victims of the robberies gave written statements that were admitted into evidence at the transfer hearing. D.J.'s ac-

complices/co-defendants also gave statements implicating D.J. in the robberies. These statements were also admitted into evidence.

Also received into evidence during the transfer hearing was a prediagnostic study by Roger Burns, Ph.D. In the study Dr. Burns concluded that D.J. was "salvageable." Law enforcement officers and probation officers also testified for the State. The transfer hearing was held on October 20, 1994. An earlier setting had been passed and on October 7, 1994, the State had filed its first amended petition to transfer and certify.

■ In his first point of error, D.J. claims that the trial court lacked jurisdiction to hear his case because the petition upon which the judgment was based was not in the court's file at the commencement of the hearing. D.J. contends that this fact proves that section 54.02(k) of the Texas Family Code was not complied with and the court therefore lacked jurisdiction to enter the judgment. We do not agree.

It is true that at the commencement of the transfer hearing the trial judge noted that his file did not contain the State's First Amended Petition to transfer.[1] Upon inquiry by the court, the State produced its copy of the amended petition. The State's copy of the amended petition noted it was filed on October 7, 1994. D.J.'s counsel said that the State had yet to provide him with a copy of the amended petition, but the State had given him access to the amended petition, and he had examined it on October 13, 1994. D.J.'s counsel noted that D.J. had given him a copy of the amended petition, which had been served on D.J. on October 13, 1994.

The judge had the amended petition read and D.J. stated he understood the new allegations in the amended petition. D.J., however, objected to proceeding on the amended petition. Nevertheless, the trial court proceeded to hear the case.

Before the evidence was concluded the State called a clerk for the court to establish its contention that the amended petition was

---

1. The first amended petition tracked the original petition but added two additional victims from a     additional robbery.

filed on October 7, 1994. The clerk so testified. The clerk also testified that after the petition was filed it was placed in a basket, but was inadvertently left out of the court's file. The amended petition was placed in the court's file before judgment was pronounced.

Section 54.02(k) of the Texas Family Code requires that "[t]he petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied" before a trial court has jurisdiction over a cause. TEX.FAM.CODE ANN. § 54.02(k) (Vernon 1986); *In re J.R.C.*, 551 S.W.2d 748, 753–55 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.). A petition for transfer is filed when it is received and file stamped by the District Clerk. These are the facts in D.J.'s case. D.J., however, seeks to engraft an additional requirement onto section 54.02(k) by asserting that filing is not complete until the petition is in the possession of the trial judge.

We decline to add an additional step to the filing process. Petitions are filed for jurisdictional purposes when they are processed by the clerk. In D.J.'s case not only was the petition filed, but D.J. was timely served, and his counsel had been given access to the petition. Point of error number one is overruled.

In his second point of error, D.J. contends that the trial court erred in admitting into evidence the confession of his accomplices/co-defendants. D.J. argues that the confessions were illegally obtained and therefore inadmissible. D.J. also contends that consideration of the confessions violated his Sixth Amendment right to confrontation of his accusers as guaranteed by the United States Constitution.

■ Even assuming that D.J. is correct and the confessions were illegally obtained, a judge in a transfer hearing is permitted to consider evidence that might be inadmissible in a criminal trial. In a transfer hearing, the rules of evidence are relaxed because the purpose of the hearing is not to determine guilt or innocence but rather to determine if there is probable cause to believe the child committed the offense. *B.L.C. v. State*, 543 S.W.2d 151, 153 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). "Strict rules of evidence are not applied in transfer proceedings because the weight of evidence is judged by whether it would support an indictment for the offense, and a grand jury considering an indictment is permitted to receive evidence that would be inadmissable at an adjudication hearing or trial." *In re J.S.C.*, 875 S.W.2d 325, 330 (Tex.App.—Corpus Christi 1994, writ dism'd by agr.); *see K.W.M. v. State*, 598 S.W.2d 660, 661 (Tex. Civ.App.—Houston [14th Dist.] 1980, no writ) (the trial court was permitted to consider a juvenile's confession, even though the juvenile contended he had not been properly warned).

■ Similarly, the admission of the confessions unaccompanied by the right to cross-examine the confessors was not error. Nor did the court err in admitting the statements of the robbery victims without giving D.J. an opportunity to confront and cross-examine the victims. A seeming violation of a juvenile's Sixth Amendment right to confrontation is not error at a transfer hearing. *Bruton v. U.S.*, 391 U.S. 123, 128, 88 S.Ct. 1620, 1623, 20 L.Ed.2d 476, 480 (1968); *In re R.G.S.*, 575 S.W.2d 113, 115–19 (Tex.Civ. App.—Eastland 1978, writ ref'd. n.r.e.), *cert. denied*, 445 U.S. 956, 100 S.Ct. 1639, 64 L.Ed.2d 231 (1980). D.J.'s second point of error is overruled.

■ In his third point of error, D.J. complains that the trial judge erred in admitting evidence that D.J. was a gang member. D.J. asserts that admission of this evidence violated his right not to be tried for collateral acts, general criminality, or bad character. Once again, however, his rights are not the same in a juvenile transfer hearing as they would be in a criminal trial.

The State argues that even if error were committed it was not preserved by D.J.'s trial counsel when he failed to secure an adverse ruling to his first objection to the gang related testimony. While the State is correct, there is no need to invoke the waiver doctrine because there was no error committed. As noted in our discussion of D.J.'s second point of error, rules of evidence are relaxed in a transfer hearing. In a transfer hearing, the trial judge must not only determine if there is probable cause to believe the

**624**

child committed the offenses, the trial judge must also consider the background of the child to determine if the child should be tried as an adult. TEX.FAM.CODE ANN. § 54.02 (Vernon 1986 & Supp.1995).

In determining the background of the child, it would certainly seem relevant if the child were a member of a gang. In fact, gang membership is a factor which may weigh in favor of transferring a child for trial as an adult. *In re G.F.O.*, 874 S.W.2d 729, 732–33 (Tex.App.—Houston [1st Dist.] 1994, no writ). While bad character and general criminality are not legitimate reasons to find a person guilty, they certainly seem to be legitimate areas of inquiry when determining if a juvenile should be tried as an adult. We find no error in the admission of the testimony concerning D.J.'s possible gang membership. Point of error three is overruled.

Having overruled all of D.J.'s points of error we will affirm the judgment of the trial court.