### In the Matter of M.R.

No. 04–99–00136–CV.

Court of Appeals of Texas, San Antonio.

Nov. 3, 1999.

Jacob Bruce Henry, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: TOM RICKHOFF, Justice.

A jury found M.R. delinquent for committing aggravated sexual assault and assessed a fifteen-year determinate sentence. This court affirmed the adjudication. *See In re M.R.*, No. 4–96–00283–CV, 1998 WL 429626 (Tex.App.—San Antonio July 31, 1998, no pet.) (not designated for publication). The trial court subsequently conducted a release/transfer hearing and ordered M.R. to be transferred on his eighteenth birthday to the Texas Department of Criminal Justice— Institutional Division (TDCJ–ID) to serve the remainder of the fifteen-year determinate sentence. M.R. appeals the transfer order, contending he was denied the right to confront the witnesses against him at the release/transfer hearing. We reverse and remand.

### PROCEDURAL BACKGROUND

On Thursday, February 18, 1999, M.R.'s counsel received a message on his answering machine directing him to appear in court as counsel for M.R. on Monday, February 22, 1999. At 9:05 a.m. on February 22, counsel filed a verified motion for continuance, stating that he was not ready because he had not met M.R. and that he would be unable to appear that afternoon because he had previously been ordered to appear in another court on another case at that time. Counsel also asserted:

Respondent's attorney was not provided with any documentation intended to be offered at Respondent's hearing prior to February 22, 1999. Consequently, Respondent has not had the opportunity to determine what witnesses were consulted in the preparation of any reports. Respondent therefore will need time to secure the attendance of witnesses through subpoena, as is his right. *See J.M.O., In the Matter of,* 980 S.W.2d 811, 813–14 (Tex.App.—San Antonio 1998, writ denied). Failure to allow Respondent to ascertain and subpoena such witnesses will deny him the right to secure and confront witnesses as guaranteed by the due process and due course of law provisions of the Constitutions of the United States of America and the State of Texas, respectively.

The documentation referenced in the motion for continuance was a copy of a report prepared by a TYC "court liaison," Leonard Cucolo. The report contained Cucolo's summaries of a doctor's psychological evaluation of M.R., as well as summaries of M.R.'s treatment record and behavior while he was in TYC custody. The report concluded with TYC's recommendation that M.R. be transferred to the TDCJ–ID to serve the remainder of his sentence. Despite the short notice of the hearing and the conflicting setting in another court, counsel attempted to secure witnesses for the release/transfer hearing by requesting Cucolo to ask the people who provided the information in his report to appear at the hearing.

The parties appeared in court the following day. M.R.'s counsel announced "not ready" "for the reasons set forth in [the] motion for continuance, which, for the rec-

ord, was overruled yesterday." The trial court overruled the announcement of not ready and proceeded with the hearing.

The State's only witness was Cucolo, who testified to the matters contained in his report. During Cucolo's direct testimony, M.R.'s counsel objected, arguing that the testimony violated M.R.'s right to confrontation because Cucolo was testifying to information he had received from other people. The trial court did not rule on this objection. None of the persons who provided the information in Cucolo's report appeared for the hearing.[1] When M.R.'s counsel concluded his cross-examination of Cucolo, he renewed his right-to-confrontation objection and requested that the court "not regard this man's testimony to the extent that it's based on other witnesses who are not present here today." The court responded, "So noted."

On appeal, M.R. argues that his right to confront the witnesses against him was violated by the procedures followed in the trial court.

## PRESERVATION OF ERROR

■ The State argues that the confrontation issue is not preserved for review because M.R. failed to obtain a ruling on his objection at the hearing. The State overlooks M.R.'s argument that he raised the confrontation issue in his verified motion for continuance and in his announcement of not ready at the hearing, which was essentially an oral renewal of the motion for continuance. The court ruled on the confrontation issue by denying the motion for continuance and announcement of not ready. We therefore conclude that the question of whether the denial of these motions violated M.R.'s right to confrontation is preserved for our review. *Cf. McBride v. Johnson*, 118 F.3d 432, 438–39

(5th Cir.1997) (holding that a parolee adequately invoked his right to confront a witness, even though he did not object to hearsay testimony at a parole revocation hearing, because the parolee clearly expressed his desire to have the witness present at the hearing).

## THE RIGHT OF CONFRONTATION AT RELEASE/TRANSFER HEARINGS

■ The purpose of the release/transfer hearing was for the trial court to decide whether to recommit M.R. to the TYC for an indeterminate time not to exceed three years, transfer him to the TDCJ–ID to serve the remainder of the fifteen-year determinate sentence, or discharge him. *See* Act of June 15, 1991, 72nd Leg., R.S., ch. 574, § 3, 1991 Tex. Gen. Laws 2053, 2053–54, *amended by* Act of May 31, 1995, 74th Leg., R.S., ch. 262 § 46, 1995 Tex. Gen. Laws 2517, 2542 (current version at TEX. FAM.CODE ANN. § 54.11(i) (Vernon 1996)).[2] In making this decision, the trial court may consider "written reports from probation officers, professional court employees, or professional consultants, in addition to the testimony of witnesses." TEX. FAM.CODE ANN. § 54.11(d) (Vernon 1996). At least one day before the hearing, the court must provide the juvenile's counsel with access to all written matter to be considered by the court. *See id.* The juvenile is entitled to an attorney, to examine all witnesses against him, to present evidence and oral argument, and to previous examination of all reports on and evaluations and examinations of or relating to him that may be used at the hearing. *See id.* § 54.11(e).

We have held that because a release/transfer hearing is not part of the

---

1. Cucolo testified during cross-examination that he was unable to contact the psychologist because she recently had a death in her family, he did not try to contact another person because she was no longer with TYC, and he asked another person to appear but she declined because of a conflicting engagement.

2. The prior version of the statute applies in this case because the offense was committed before January 1, 1996. *See* Act of May 31, 1995, 74th Leg., R.S., ch. 262 § 106(a), 1995 Tex. Gen. Laws 2517, 2591.

guilt/innocence determination, due process requirements are not as stringent as those in an actual trial. *See In re J.M.O.*, 980 S.W.2d 811, 813 (Tex.App.—San Antonio 1998, pet. denied). We have recognized, however, that a juvenile has a limited right of confrontation at a release/transfer hearing. *See id.* at 813–14.

In *J.M.O.*, we rejected the argument that the juvenile's right of confrontation was violated when the court allowed a TYC official to testify to hearsay contained in a written summary of the juvenile's behavior at TYC. Noting that the juvenile received a copy of the summary report before the hearing, we stated that "[s]hould there be a question regarding the genuineness of the [underlying] reports, the juvenile's attorney may call the authors of the reports for the purpose of cross-examination." *J.M.O.*, 980 S.W.2d at 813. We concluded, "This process adequately provides for the confrontation rights of the juvenile." *Id.*

M.R.'s counsel attempted to protect his client's rights in accordance with our holding in *J.M.O.* Provided with a copy of the report only one day before the hearing, counsel filed a verified motion for a continuance, invoking his client's right to confrontation, citing *J.M.O.*, and stating his obvious need for more time to identify the persons supplying the information in the report and to secure their presence at the hearing.[3] The denial of this motion and the announcement of not ready prevented M.R. from exercising his right of confron-

tation. As counsel cogently argues in his appellate brief:

> [M.R.] was quite literally denied the chance to confront his accusers. It would have made no difference if [M.R.] had been tried in absentia and the judge had simply read [Cucolo's report] to himself. This situation contravenes the spirit of due process.

We do not hold that live testimony from the persons supplying information in a TYC summary report is always required at a release/transfer hearing. *Cf. Gagnon v. Scarpelli*, 411 U.S. 778, 782 n. 5, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (noting that in some parole revocation proceedings, there is no adequate alternative to live testimony, but in other cases, conventional substitutes for live testimony, such as affidavits and depositions, may be appropriate). In this case, however, the State relied solely on Cucolo's testimony, which was based on the opinions and reports of others, and M.R. timely asserted his right of confrontation. The denial of the continuance deprived M.R. of any chance of securing witnesses or arranging any other means to enforce his right of confrontation. Considering these circumstances, the trial court's order transferring M.R. to TDCJ–ID must be reversed. *See Petrick v. State*, 832 S.W.2d 767, 770–71 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *cf. Williams*, 171 F.3d at 307 n. 8 (holding that parolee has a right to elicit testimony from his parole officer at a parole revocation hear-

---

**3.** Securing the witnesses may not be easy. The typical sources of information for a TYC release/transfer report will be the employees and consultants of the school that has custody of the juvenile. Neither the school nor its employees will necessarily be in the county where the hearing is held. Out-of-county employees would likely be beyond the range of the trial court's subpoena powers in an ordinary civil case. *See* Tex.R. Civ. P. 176.3(a) (providing that a person may not be required by subpoena to appear in a county that is more than 150 miles from where the person resides or is served). Under the Code of Criminal Procedure, a defendant charged with a felony or a misdemeanor punishable by

confinement is entitled to subpoena out-of-county witnesses. *See* Tex.Code Crim. Proc. Ann. art. 24.16 (Vernon 1989). Although this statute has not expressly been made applicable to determinate sentencing cases, the right of confrontation should not hinge on the existence of subpoenas when the witnesses are employed by the State and a pre-hearing request is made for their attendance. *See Williams v. Johnson*, 171 F.3d 300, 306 n. 6 (5th Cir.1999). In this regard, this case reveals yet another imbalance in the "troubled marriage of civil and criminal law" created by the Juvenile Justice Code. *In re T.K.E.*, 5 S.W.3d 782, 786 (Tex.App.—San Antonio, no pet. h.) (Rickhoff, J., concurring).

ing if he makes a pre-hearing request for the witness's presence, the evidence sought bears directly on the alleged parole violation or mitigation, and the State's interests do not rise to the level of good cause to deny the request). The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.