99-00932 In the Matter of MR a Juvenile.wpd



No. 04-99-00932-CV



IN THE MATTER OF M.R., a Juvenile



From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 95-JUV-1539


Honorable Andy Mireles, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: September 20, 2000


ORDER VACATED


 M.R. appeals the trial court's order transferring him to the Texas Department of Criminal
Justice-Institutional Division, arguing the trial court was without jurisdiction to enter the order. We
agree.

Factual and Procedural Background


 M.R. was found delinquent for engaging in aggravated sexual assault and assessed a fifteen
year determinate sentence. This court affirmed the adjudication of delinquency. In re M.R., No. 04-96-00283-CV, 1998 WL 429626 (Tex. App.--San Antonio July 31, 1998, no pet.) (not designated
for publication). The trial court subsequently held a release/transfer hearing and ordered M.R. to be
transferred on his eighteenth birthday to the Texas Department of Criminal Justice--Institutional
Division to serve the remainder of his sentence. On November 3, 1999, this court reversed the
transfer order and remanded the cause because M.R. had been denied his right of confrontation at the
release/transfer hearing. In re M.R., 5 S.W.3d 879 (Tex. App.--San Antonio 1999, pet. denied). On
December 2, 1999, the State filed a petition for review with the Texas Supreme Court. The Supreme
Court denied the petition on June 15, 2000. A mandate has yet to issue from this court reversing the
trial court's transfer order and remanding the cause to the trial court for further proceedings.
However, on December 10, 1999, the trial court held another transfer/release hearing and three days
later issued a second order transferring M.R. to the Texas Department of Criminal
Justice--Institutional Division. M.R. appeals, arguing the trial court was without jurisdiction to issue
this second transfer order while the State's petition for review was pending in the Supreme Court and
before a mandate had issued.

Discussion


 Once an appeal has been taken from a trial court's judgment or order, the trial court loses
jurisdiction over the cause during the pendency of the appeal. See Robertson v. Ranger Ins. Co., 689
S.W.2d 209, 210 (Tex. 1985); 6 McDonald & Carlson, Texas Civil Practice § 7.11[d] (2d ed.
1998). Consequently, the trial court was without power to enter the second transfer order while the
State's petition for review was still pending in the Supreme Court. Therefore, we hold the trial court's
second transfer order is void, and we vacate the trial court's December 13, 1999 transfer order.

 Sarah B. Duncan, Justice

Do not publish