207 S.W.3d 421 (2006)
In the Matter of S.M.
No. 2-05-262-CV.
Court of Appeals of Texas, Fort Worth.
October 19, 2006.
*423 David A. Pearson IV, Fort Worth, for appellant.
Tim Curry, Criminal District Attorney, Charles M. Mallin, Kimberly Colliet, Wesley Sheila Wynn, Assistant Criminal District Attorneys, Tarrant County, Fort Worth, for appellee.
PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

OPINION
DIXON W. HOLMAN, Justice.
Appellant S.M. appeals from the trial court's order transferring him from the custody of the Texas Youth Commission (TYC) to the Institutional Division of the Texas Department of Criminal Justice (IDTDCJ). In two points, Appellant asserts that the trial court erred in admitting TYC records, as well as a report and testimony generated from those records, because the admission of these records violated his right to confrontation under the Sixth Amendment to the United States Constitution. We affirm.

FACTUAL BACKGROUND
On December 21, 2001, Appellant[1] entered a negotiated plea of true to engaging in delinquent conduct by committing the felony offense of manslaughter with a deadly weapon. The trial court sentenced Appellant to twenty years' confinement in TYC, subject to a possible transfer to IDTDCJ. On July 18, 2005, pursuant to TYC's request, the trial court conducted a transfer hearing and transferred Appellant from TYC to IDTDCJ. See TEX. FAM.CODE ANN. § 54.11 (Vernon Supp.2006). Appellant appeals from the transfer order.

DISCUSSION
The State asserts that Appellant has waived his right to appeal because, as part of the negotiated plea agreement, Appellant "expressly waive[d] any right of appeal in this case, including any collateral attack. . . ." The written plea agreement was signed on December 21, 2001, when Appellant was initially placed in the custody of TYC. Subsequently, TYC requested a transfer hearing be conducted to determine whether Appellant should be transferred to the care of the IDTDCJ. The trial court held a hearing on the matter on July 14, 2005, and determined that Appellant should be transferred to the care of IDTDCJ to serve the remainder of his sentence.
Appellant now appeals from the July 14, 2005 hearing, because the trial court admitted reports from TYC records over his objection. In the initial plea agreement, Appellant did not specifically waive his right to appeal the trial court's possible subsequent determination that he should be transferred to IDTDCJ. Furthermore, he is not attempting to make a collateral attack on the judgment placing him in the care of TYC, as asserted by the State. See Ex parte Carmona, 185 S.W.3d 492, 496 (Tex.Crim.App.2006) (noting that "a collateral attack is `[a]n attack on a judgment entered in a different proceeding.'"). Accordingly, we determine that Appellant did not waive his right to appeal in the present case.
The State also asserts that Appellant failed to preserve this issue for our review because he made an en masse trial objection to the three exhibits and the testimony of Leonard Cucolo, the court liaison for TYC. On appeal, Appellant complains that the testimonial statements and reports in TYC records contained in the State's Exhibits *424 One and Two violate his rights under the Confrontation Clause. He also complains that the trial court violated his right to confrontation by permitting Cucolo to testify based solely on the statements and reports in TYC records.
Exhibit Number One, contained in three volumes of the reporter's record, is a voluminous collection of information regarding Appellant, which is both testimonial and nontestimonial in nature. The trial court need never sort through challenged evidence in order to segregate the admissible evidence from the excludable evidence. Jones v. State, 843 S.W.2d 487, 492 (Tex.Crim.App.1992), cert. denied, 507 U.S. 1035, 113 S.Ct. 1858, 123 L.Ed.2d 479 (1993). If evidence is offered and challenged that contains some of each, the trial court may safely admit it all or exclude it all, and the losing party will be made to suffer on appeal the consequences of his insufficiently specific offer or objection. Id. Here, it was not the trial court's responsibility to sort through this voluminous record to determine which pages were admissible and which were inadmissible. See id. Accordingly, Appellant has failed to preserve his objections to Exhibit Number One for our review.
Exhibit Number Two contains 156 incident reports. The incident reports are forms that are identical, aside from the information that is completed on the forms. Unlike Exhibit Number One, the trial court could conduct a cursory review of Exhibit Number Two to determine whether the documents contained therein were testimonial in nature. Thus, Appellant's objection was sufficient to preserve error regarding Exhibit Number Two.
Appellant also complains of the State's Exhibit Number Three, which contains an eight-page report signed by Cucolo, who prepared the report by summarizing the information contained in TYC files, Exhibit Numbers One and Two. Appellant objected to Exhibit Number Three as a violation of the right of confrontation. We disagree with the State's assertion that Appellant's objection to Exhibit Number Three constituted an en masse trial objection; the summary report was one document that was only eight pages long.
Appellant argues that the admission into evidence of Exhibit Number Two, the TYC report, violates his right of confrontation under Crawford v. Washington because the persons who gave information described in the report were not present to testify at the transfer hearing. See 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Appellant complains of Exhibit Number Three, which contains an eight-page report signed by Cucolo, because his testimony and recommendation was solely based upon the testimonial reports in TYC records. The records contained numerous incidents of misconduct.[2]
Under Crawford, the admission of testimonial hearsay violates the Confrontation Clause unless the declarant is shown to be unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. Crawford, 541 U.S. at 68, 124 S.Ct. at 1374. Appellant *425 relies upon a recent holding of the Texas Court of Criminal Appeals applying Crawford to the introduction of prison incident reports and disciplinary reports, and concluding that the reports violated the Sixth Amendment's Confrontation Clause. See Russeau v. State, 171 S.W.3d 871, 880-81 (Tex.Crim.App.2005), cert. denied, ___ U.S. ___, 126 S.Ct. 2982, 165 L.Ed.2d 989, 990 (2006).
The Confrontation Clause of the Sixth Amendment explicitly applies to "criminal prosecutions." U.S. CONST. amend. VI. The reports in question in Russeau were admitted at the punishment stage of the defendant's criminal trial. Id. at 880. Clearly, this was a "criminal prosecution." In comparison, a transfer hearing under family code section 54.11 is not a stage of a criminal prosecution for purposes of the Sixth Amendment. In re D.L., 198 S.W.3d 228, 230 (Tex.App.-San Antonio 2006, pet. denied). Under Texas law, a transfer hearing is not a trial; a juvenile is neither being adjudicated nor sentenced. Id.; In re J.M.O., 980 S.W.2d 811, 813 (Tex.App.-San Antonio 1998, pet. denied); In re D.S., 921 S.W.2d 383, 387 (Tex.App.-Corpus Christi 1996, writ dism'd w.o.j.). Rather, the transfer hearing is a "second chance hearing" after the juvenile has already been sentenced to a determinate number of years. In re D.S., 921 S.W.2d at 387. Because the juvenile is already being punished for his original conduct in which he was adjudged delinquent, in making this "second chance" determination the trial court should be able to consider the juvenile's behavior since commitment. Id. As such, the hearing does not need to meet the same stringent due process requirements as a trial in which a person's guilt is decided. In re J.M.O., 980 S.W.2d at 813; In re D.S., 921 S.W.2d at 387; see also In re T.D.B., No. 10-05-00015-CV, 2006 WL 408417, at *1 (Tex.App.-Waco Feb. 22, 2006, no pet.) (mem. op.) (holding that a juvenile challenging TYC records at transfer hearing has no right of confrontation). Because a transfer hearing is not a stage of a criminal prosecution, we hold that Crawford does not apply. Accordingly, we overrule Appellant's two points.

CONCLUSION
Having overruled each of Appellant's two points, we affirm the trial court's judgment.
LIVINGSTON, J. filed a concurring opinion in which DAUPHINOT, J. joined.
TERRIE LIVINGSTON, Justice, concurring.
I join in the majority's opinion and result but respectfully write this concurring opinion only to address the conflict I see between the family code provision that allows the State to introduce written reports from probation officers, professional court employees, and professional consultants at a juvenile's transfer hearing, and the Sixth Amendment confrontation clause rights. See U.S. CONST. amend. VI; Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); TEX. FAM.CODE ANN. § 54.11(d) (Vernon Supp.2006). I do not believe section 54.11(d) comports with the Supreme Court's directives set forth in Crawford regarding a defendant's Sixth Amendment right of confrontation against prosecution witnesses or our Court of Criminal Appeal's opinion in Russeau, which held such incident reports to be testimonial in nature, thereby requiring a right to cross-examine those witnesses. Crawford, 541 U.S. at 36, 124 S.Ct. at 1354; Russeau v. State, 171 S.W.3d 871, 880 (Tex.Crim.App.2005), cert. denied, ___ U.S. ___, 126 S.Ct. 2982, 165 L.Ed.2d 989 (2006).
*426 Section 54.11(d) purports to allow probation officer reports, incident reports, and the like to come in at a juvenile transfer hearing without the testimony of the authoring witness, thereby denying a juvenile's confrontation right to cross-examine witnesses against him. TEX. FAM.CODE ANN. § 54.11(d). While the juvenile is provided an attorney, along with the right to examine all witnesses against him, and to present evidence and argument, he is entitled to only one day's notice or access to any such materials that will be presented against him. Id. § 54.11(d), (e). I do not see how this is sufficient to safeguard a juvenile's right to confront and cross-examine these witnesses in any meaningful way.
I recognize that juvenile matters are hybrids; that is, they are generally civil in nature, but they are also potentially punitive in result and treatment. See, e.g., TEX. FAM.CODE ANN. § 51.17(a) (Vernon Supp.2006) (applying rules of civil procedure generally except for burden of proof), § 51.17(b) (applying code of criminal procedure to discovery in juvenile matter), § 51.17(c) (applying rules of evidence and code of criminal procedure to juvenile matter); In re J.B.M., 157 S.W.3d 823, 829 (Tex.App.-Fort Worth 2005, no pet.) (Gardner, J., concurring) (noting the similarity in requirements and rights afforded juveniles under the juvenile code to those afforded defendants in criminal matters). The United State Supreme Court has also recognized that a juvenile is entitled to due process protections. In re Winship, 397 U.S. 358, 365, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970); In re Gault, 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527 (1967). The Gault court held that "confrontation and sworn testimony by witnesses available for cross-examination were essential for a finding of `delinquency' [adjudication] and an order committing [Gault] to a state institution for a maximum of six years [disposition]." Gault, 387 U.S. at 56, 87 S.Ct. at 1459.
As the First Court of Appeals has explained,
The juvenile is guaranteed the same constitutional rights as an adult in a criminal proceeding because juvenile-delinquency proceedings seek to deprive the juvenile of his liberty. Neither the Fourteenth Amendment nor the Bill of Rights is for adults alone.
State v. C.J.F., 183 S.W.3d 841, 847 (Tex. App.-Houston [1st Dist.] 2005, pet. denied) (op. on reh'g) (citations omitted).
A transfer hearing determines whether a juvenile who has received a determinate sentence is released from the Texas Youth Commission's custody and released or transferred into the adult system for the remainder of his sentence. TEX. FAM.CODE ANN. § 54.11(i),(j). Despite this, another intermediate court has already held that juvenile transfer hearings, like revocation hearings, are not "criminal prosecution[s]" entitling juveniles to Crawford protections. In re D.L., 198 S.W.3d 228, 230 (Tex.App.-San Antonio, 2006, pet. denied). However, I am unable to reconcile the potential magnitude of the result of a transfer hearing with the lack of protection for a juvenile's right to cross-examine the witnesses who testify against him via untested written reports. For this reason, I respectfully concur.
DAUPHINOT, J. joins.
NOTES
[1] Appellant was born on November 19, 1985.
[2] Section 54.11(d) of the Texas Family Code provides that at a transfer hearing "the court may consider written reports from probation officers, professional court employees, professional consultants, or employees of the Texas Youth Commission, in addition to the testimony of witnesses. At least one day before the hearing, the court shall provide the attorney for the person to be transferred or released under supervision with access to all written matter to be considered by the court." TEX. FAM.CODE ANN. § 54.11(d) (Vernon Supp.2006). There is no complaint in the instant case that Appellant's attorney was not given timely access to the complained-of exhibits.