COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-065-CV

 

 

IN THE MATTER OF C.E.C., A CHILD                                                      

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

 

                                  MEMORANDUM
OPINION[1]

 

C.E.C. appeals the trial
court=s order transferring her to the Texas Department of Criminal
Justice-Institutional Division (TDCJ-ID). 
In two points, appellant complains that the trial court erred by denying
her motion for continuance and by admitting State=s exhibit 23 into evidence.  We
affirm.








On November 13, 2002,
appellant was adjudicated delinquent for murder and committed to the Texas
Youth Commission (TYC) for a twenty-five year term.  On September 30, 2005, the TYC requested a
transfer hearing pursuant to family code section 54.11.[2]  The trial court appointed appellant counsel
and set a transfer hearing for November 21, 2005.  On November 1, 2005, appellant retained J.R.
Moore as counsel.  On November 3 and 7,
2005, Moore filed motions to substitute counsel and for continuance of the
transfer hearing.  The trial court
granted the motion to substitute counsel but denied appellant=s request for a continuance after holding a hearing.  At the conclusion of the November 21 transfer
hearing, the trial court ordered appellant transferred to TDCJ-ID for the
remainder of her sentence. 

In her first point, appellant
complains that the trial court abused its discretion, deprived her of effective
assistance of counsel, and violated her right to due process by denying her
motion for continuance.  She contends
that, after being retained as her counsel twenty days before the transfer
hearing, Moore needed additional time to prepare for the hearing and to locate
potential witnesses.  








The family code provides that
a transfer hearing Ashall be
held not later than the 60th day after the date the court receives the
referral.@[3]  The child=s attorney is entitled to ten days to prepare for a transfer hearing.[4]  In addition, at least one day before the
transfer hearing, the trial court must provide the child=s attorney access to all written matters that the court will consider
in making the transfer decision.[5]  We review a trial court=s order denying a motion for continuance for an abuse of discretion.[6]

In this case, the trial court
received TYC=s request
for a transfer on October 2, 2005. 
Therefore, the court was required to hold the transfer hearing no later
than December 1, 2005.[7]  In the motion for continuance, Moore stated
that he had received a large shipment of documents pertaining to appellant=s incarceration at TYC and needed more than the twenty days between
the date he was retained, November 1, and the November 21 hearing to review the
documents and to subpoena any relevant witnesses.  Appellant also stated that she wished to
waive the sixty-day deadline for holding the transfer hearing.[8]  








Assuming without deciding
that appellant was entitled to waive the sixty-day deadline for holding the
transfer hearing, we hold that the trial court did not abuse its discretion or
violate appellant=s right to
due process by failing to continue the hearing, because the trial court gave
Moore more time and opportunity to prepare for the hearing than the family code
requires.  Under Section 51.10(h), Moore
was entitled to a minimum of ten days to prepare for the transfer hearing.[9]  When appellant=s motion for continuance was denied on November 9, Moore had more than
the minimum ten days to prepare for the November 21 transfer hearing.  Furthermore, twelve days before the hearing,
the trial court allowed Moore to take all of the TYC documents from the
courthouse and copy them so that he could review them prior to the
hearing.  This allowed Moore much more
than the one day required by the family code to review the documents in
preparation for the hearing.[10]








We also hold that the trial
court did not violate appellant=s right to effective assistance of counsel by refusing to continue the
hearing.  There is no evidence in the
record that appellant received ineffective assistance of counsel at the
transfer hearing.[11]  To the contrary, the record shows he was well
represented by Moore.  Moore announced Aready@ at the
hearing and effectively cross-examined TYC psychologist Jessica Varnado about
her evaluation of C.E.C. and Leonard Cucolo, the TYC court liaison, about
incident reports regarding C.E.C.=s behavior while in TYC.  Moore
also called clinical psychologist Thomas CookeCwith whom Moore had spoken about C.E.C. on Amultiple occasions@Cto testify at the transfer hearing and rebut the State=s evidence that C.E.C. should be transferred from TYC to TDCJ-ID.[12]  Finally, Moore gave a thorough, well thought
out closing argument.  

For these reasons, we
overrule appellant=s first
point.








In her second point,
appellant complains that the trial court abused its discretion by admitting
into evidence State=s exhibit
23, which is a copy of C.E.C.=s TYC security file.  Appellant
complains that the exhibit is hearsay and that its admission violated her
constitutional right to confrontation.  A
juvenile, however, has no right of confrontation at a discretionary transfer
hearing.[13]  Therefore, the trial court did not abuse its
discretion by overruling appellant=s objection based on the Confrontation Clause.

Regarding appellant=s hearsay complaint, State=s exhibit 23 contains many incident reports and other written reports
prepared by TYC employees.  These matters
were admissible at the transfer hearing under family code section 54.11(d).[14]








We overrule appellant=s second point.

Having overruled both of
appellant=s points, we
affirm the trial court=s
judgment.  

PER CURIAM

PANEL F: 
CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  December 14, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. Fam. Code Ann. '
54.11 (Vernon Supp. 2006).





[3]Id. '
54.11(h).





[4]Id. '
51.10(h).





[5]Id. '
54.02(e) (Vernon 2002).





[6]Janecka
v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), cert.
denied, 522 U.S. 825 (1997).





[7]Tex. Fam. Code Ann. '
54.11(h).





[8]Appellant
did not provide the trial court any legal authority to support her position
that the sixty-day deadline could be waived. 
On appeal, appellant relies on family code section 51.09, which
provides, A[u]nless
a contrary intent clearly appears elsewhere in this title, any right granted to
a child by this title . . . may be waived in proceedings under this title.@  Id. '
51.09 (Vernon 2002). 





[9]Id. '
51.10(h).





[10]Id. '
54.02(e) (providing that trial court must provide access to written matters at
least one day before the transfer hearing).





[11]See
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App.
2005) (both setting out standard for ineffective assistance of counsel).  In re M.R., 5 S.W.3d 879 (Tex. App.CSan
Antonio 1999, pet. denied), on which appellant relies, is inapposite.  In that case, the trial court denied a motion
for continuance even though the child=s counsel had received only
four days=
noticeCwhich
included a weekendCof
the transfer hearing, had not had an opportunity to meet the child due to other
obligations, announced Anot
ready@ at
the hearing, and objected to the TYC liaison testifying at the hearing because,
despite counsel=s
request, none of the people who had provided information for the liaison=s report
appeared at the hearing.  Id. at
880-81.





[12]On
November 9, the trial court had granted Moore=s
motion to have C.E.C. examined by Dr. Cooke, who had been hired by C.E.C.=s
family.  Dr. Cooke saw C.E.C. three times
for a total of about four hours and administered several tests.  





[13]In re
C.D.T., 98 S.W.3d 280, 283 (Tex. App.CHouston [1st Dist.] 2003,
pet. denied); see In re S.M., No. 02-05-00262-CV, 2006 WL 2986613, at
*2-3 (Tex. App.CFort
Worth Oct. 19, 2006, no pet. h.) (holding that Crawford v. Washington,
541 U.S. 36, 124 S. Ct. 1354 (2004) does not apply to a juvenile transfer
hearing because a transfer hearing is not a stage of a criminal prosecution for
Sixth Amendment purposes); In re D.J., 909 S.W.2d 621, 623 (Tex. App.CFort
Worth 1995, writ dism=d
w.o.j.) (AA
seeming violation of a juvenile=s Sixth Amendment right to
confrontation is not error at a transfer hearing.@).





[14]Tex. Fam. Code Ann. '
54.11(d); see In re D.S., 921 S.W.2d 383, 388 (Tex. App.CCorpus
Christi 1996, writ dism=d
w.o.j.) (holding that family code section 54.11(d) authorizes the use of TYC
reports); accord C.D.T., 98 S.W.3d at 282-83.  Appellant=s complaint that exhibit 23
also contains some documents that appear to have been handwritten by juveniles
or appellant herself and that these portions of exhibit 23 are not written
reports and therefore were not admissible under section 54.11(d) has not been
preserved for our review.  Appellant
merely lodged a general complaint in the trial court that the entire TYC file
was Ahearsay.@  See S.M., 2006 WL 2986613, at *2
(holding that a general defense objection at a transfer hearing to a voluminous
collection of information regarding the juvenile, which contained both
admissible and inadmissible evidence, was insufficient to preserve error
regarding the inadmissible evidence); D.S., 921 S.W.2d at 387-88
(same).  Accordingly, we do not consider
this portion of appellant=s
complaint.