COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-065-CV

IN THE MATTER OF C.E.C., A CHILD 

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

C.E.C. appeals the trial court’s order transferring her to the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID).  In two points, appellant complains that the trial court erred by denying her motion for continuance and by admitting State’s exhibit 23 into evidence.  We affirm.

On November 13, 2002, appellant was adjudicated delinquent for murder and committed to the Texas Youth Commission (TYC) for a twenty-five year term.  On September 30, 2005, the TYC requested a transfer hearing pursuant to family code section 54.11.
(footnote: 2)  The trial court appointed appellant counsel and set a transfer hearing for November 21, 2005.  On November 1, 2005, appellant retained J.R. Moore as counsel.  On November 3 and 7, 2005, Moore filed motions to substitute counsel and for continuance of the transfer hearing.  The trial court granted the motion to substitute counsel but denied appellant’s request for a continuance after holding a hearing.  At the conclusion of the November 21 transfer hearing, the trial court ordered appellant transferred to TDCJ-ID for the remainder of her sentence. 

In her first point, appellant complains that the trial court abused its discretion, deprived her of effective assistance of counsel, and violated her right to due process by denying her motion for continuance.  She contends that, after being retained as her counsel twenty days before the transfer hearing, Moore needed additional time to prepare for the hearing and to locate potential witnesses.  

The family code provides that a transfer hearing “shall be held not later than the 60th day after the date the court receives the referral.”
(footnote: 3)  The child’s attorney is entitled to ten days to prepare for a transfer hearing.
(footnote: 4)  In addition, at least one day before the transfer hearing, the trial court must provide the child’s attorney access to all written matters that the court will consider in making the transfer decision.
(footnote: 5)  We review a trial court’s order denying a motion for continuance for an abuse of discretion.
(footnote: 6)
 In this case, the trial court received TYC’s request for a transfer on October 2, 2005.  Therefore, the court was required to hold the transfer hearing no later than December 1, 2005.
(footnote: 7)  In the motion for continuance, Moore stated that he had received a large shipment of documents pertaining to appellant’s incarceration at TYC and needed more than the twenty days between the date he was retained, November 1, and the November 21 hearing to review the documents and to subpoena any relevant witnesses.  Appellant also stated that she wished to waive the sixty-day deadline for holding the transfer hearing.
(footnote: 8)  

Assuming without deciding that appellant was entitled to waive the sixty-day deadline for holding the transfer hearing, we hold that the trial court did not abuse its discretion or violate appellant’s right to due process by failing to continue the hearing, because the trial court gave Moore more time and opportunity to prepare for the hearing than the family code requires.  Under Section 51.10(h), Moore was entitled to a minimum of ten days to prepare for the transfer hearing.
(footnote: 9)  When appellant’s motion for continuance was denied on November 9, Moore had more than the minimum ten days to prepare for the November 21 transfer hearing.  Furthermore, twelve days before the hearing, the trial court allowed Moore to take all of the TYC documents from the courthouse and copy them so that he could review them prior to the hearing.  This allowed Moore much more than the one day required by the family code to review the documents in preparation for the hearing.
(footnote: 10)
 We also hold that the trial court did not violate appellant’s right to effective assistance of counsel by refusing to continue the hearing.  There is no evidence in the record that appellant received ineffective assistance of counsel at the transfer hearing.
(footnote: 11)  To the contrary, the record shows he was well represented by Moore.  Moore announced “ready” at the hearing and effectively cross-examined TYC psychologist Jessica Varnado about her evaluation of C.E.C. and Leonard Cucolo, the TYC court liaison, about incident reports regarding C.E.C.’s behavior while in TYC.  Moore also called clinical psychologist Thomas Cooke—with whom Moore had spoken about C.E.C. on “multiple occasions”—to testify at the transfer hearing and rebut the State’s evidence that C.E.C. should be transferred from TYC to TDCJ-ID.
(footnote: 12)  Finally, Moore gave a thorough, well thought out closing argument.  

For these reasons, we overrule appellant’s first point.

In her second point, appellant complains that the trial court abused its discretion by admitting into evidence State’s exhibit 23, which is a copy of C.E.C.’s TYC security file.  Appellant complains that the exhibit is hearsay and that its admission violated her constitutional right to confrontation.  A juvenile, however, has no right of confrontation at a discretionary transfer hearing.
(footnote: 13)  Therefore, the trial court did not abuse its discretion by overruling appellant’s objection based on the Confrontation Clause.

Regarding appellant’s hearsay complaint, State’s exhibit 23 contains many incident reports and other written reports prepared by TYC employees.  These matters were admissible at the transfer hearing under family code section 54.11(d).
(footnote: 14)
 We overrule appellant’s second point.

Having overruled both of appellant’s points, we affirm the trial court’s judgment.  

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  December 14, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Fam. Code Ann.
 § 54.11 (Vernon Supp. 2006).

3:
Id.
 § 54.11(h).

4:
Id.
 § 51.10(h).

5:
Id.
 § 54.02(e) (Vernon 2002).

6:
Janecka v. State,
 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), 
cert. denied,
 522 U.S. 825 (1997).

7:
Tex. Fam. Code Ann.
 § 54.11(h).

8:
Appellant did not provide the trial court any legal authority to support her position that the sixty-day deadline could be waived.  On appeal, appellant relies on family code section 51.09, which provides, “[u]nless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title . . . may be waived in proceedings under this title.”  
Id.
 § 51.09 (Vernon 2002). 

9:
Id.
 § 51.10(h).

10:
Id.
 § 54.02(e) (providing that trial court must provide access to written matters at least one day before the transfer hearing).

11:
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (both setting out standard for ineffective assistance of counsel).
  
In re M.R.,
 5 S.W.3d 879 (Tex. App.—San Antonio 1999, pet. denied), on which appellant relies, is inapposite.  In that case, the trial court denied a motion for continuance even though the child’s counsel had received only four days’ notice—which included a weekend—of the transfer hearing, had not had an opportunity to meet the child due to other obligations, announced “not ready” at the hearing, and objected to the TYC liaison testifying at the hearing because, despite counsel’s request, none of the people who had provided information for the liaison’s report appeared at the hearing.  
Id.
 at 880-81.

12:
On November 9, the trial court had granted Moore’s motion to have C.E.C. examined by Dr. Cooke, who had been hired by C.E.C.’s family.  Dr. Cooke saw C.E.C. three times for a total of about four hours and administered several tests.  

13:
In re C.D.T.,
 98 S.W.3d 280, 283 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); 
see In re S.M.,
 No. 02-05-00262-CV, 2006 WL 2986613, at *2-3 (Tex. App.—Fort Worth Oct. 19, 2006, no pet. h.) (holding that 
Crawford v. Washington,
 541 U.S. 36, 124 S. Ct. 1354 (2004) does not apply to a juvenile transfer hearing because a transfer hearing is not a stage of a criminal prosecution for Sixth Amendment purposes); 
In re D.J.,
 909 S.W.2d 621, 623 (Tex. App.—Fort Worth 1995, writ dism’d w.o.j.) (“A seeming violation of a juvenile’s Sixth Amendment right to confrontation is not error at a transfer hearing.”).

14:
Tex. Fam. Code Ann.
 § 54.11(d); 
see In re D.S.
, 921 S.W.2d 383, 388 (Tex. App.—Corpus Christi 1996, writ dism’d w.o.j.) (holding that family code section 54.11(d) authorizes the use of TYC reports); 
accord C.D.T.,
 98 S.W.3d at 282-83.  Appellant’s complaint that exhibit 23 also contains some documents that appear to have been handwritten by juveniles or appellant herself and that these portions of exhibit 23 are not written reports and therefore were not admissible under section 54.11(d) has not been preserved for our review.  Appellant merely lodged a general complaint in the trial court that the entire TYC file was “hearsay.”  
See S.M.,
 2006 WL 2986613, at *2 (holding that a general defense objection at a transfer hearing to a voluminous collection of information regarding the juvenile, which contained both admissible and inadmissible evidence, was insufficient to preserve error regarding the inadmissible evidence); 
D.S.,
 921 S.W.2d at 387-88 (same).  Accordingly, we do not consider this portion of appellant’s complaint.