Opinion issued February 11, 2021



In The

# Court of Appeals

For The

# First District of Texas

————————————————

NO. 01-19-00358-CV

————————————————

**THE TRAVIS LAW FIRM, P.C., Appellant**

**V.**

**TERRI PORTER-GARCIA AND TEXAS WORKFORCE COMMISSION,**
**Appellees**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-04314**

---

## MEMORANDUM OPINION

Appellant, The Travis Law Firm, P.C. ("Law Firm"), attempts to appeal from an order awarding attorney's fees pursuant to section 27.009 of the Texas Civil Practice and Remedies Code. We dismiss the appeal for lack of jurisdiction.

## Background

The underlying facts of this wage dispute can be found in our prior opinion. *See Terri Porter-Garcia v. The Travis Law Firm, P.C.*, 564 S.W.3d 75 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). Notably, our prior opinion reversed the trial court's denial of appellee's Texas Citizens Participation Act ("TCPA") motion on the Law Firm's fraud and theft of wages claims and remanded to the trial court to dismiss those claims. *Id.* at 93. Our prior opinion also affirmed the trial court's denial of appellee's TCPA motion on the Law Firm's breach of contract claim, which remains pending below. *Id.* We remanded to the trial court for consideration of additional relief under section 27.009 of the Texas Civil Practice and Remedies Code for the Law Firm's fraud and theft of wages claims, and Porter-Garcia sought to recover her attorney's fees and other expenses from the Law Firm.[1]

On April 22, 2019, the trial court awarded Porter-Garcia attorney's fees, expenses, and court costs. The Law Firm filed its notice of appeal on May 3, 2019, attempting to appeal the "Order Granting Attorney's Fees, Costs, and Sanctions" signed on April 22, 2019.

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE § 27.009.

**Interlocutory Appeal**

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). We strictly construe statutes authorizing interlocutory appeals. *Young v. Villegas*, 231 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

The Civil Practice and Remedies Code provides for an interlocutory appeal of an order that "denies a motion to dismiss filed under section 27.003" of the TCPA. *See* TEX. CIV. PRAC. REM. CODE § 51.014(a)(12). No statutory authority exists, however, for an interlocutory appeal from the grant of a motion to dismiss under the TCPA. *See Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 786 (Tex. App.—Amarillo 2016, no pet.) (dismissing appeal from interlocutory grant of TCPA motion to dismiss for want of jurisdiction); *Fleming & Assocs. v. Kirklin*, 479 S.W.3d 458, 460–61 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (holding interlocutory order granting TCPA motion to dismiss was not appealable).

The record reveals that at least one claim remains pending below, and therefore, the trial court's April 22, 2019 order awarding attorney fees is an interlocutory order. On November 5, 2020, we notified the Law Firm that it

appeared that we lacked jurisdiction because the appellate record does not contain a final judgment and no statute allows for the appeal of the interlocutory order on attorney's fees.

The Law Firm responded that section 27.008(b) confers jurisdiction to review the trial court's award of costs and damages through interlocutory appeal. We disagree.

Section 27.008 provides,

(a)    If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.

(b)    "An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005.

TEX. CIV. PRAC. & REM. CODE § 27.008.

Section 27.008(a) states that a motion to dismiss that has not been ruled upon by the statutory deadline is denied by operation of law and may be appealed. *See id*. § 27.008(a). Section 27.008(b) provides that appeals from orders on motions to dismiss are expedited. *See id*. No statutory language in either subsection of section 27.008 provides this court with jurisdiction to consider an interlocutory appeal of the order at issue here. *See Paulsen v. Yarrell*, 455 S.W.3d 192, 195–96 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (concluding that we lacked

4

jurisdiction over appeal because "order denying Chapter 27 attorney's fees is an order from which no statutory right to interlocutory appeal lies"); *Eureka Holdings Acquisitions, L.P., v. Marshall Apartments, LLC*, 597 S.W.3d 921, 924–25 (Tex. App.—Austin 2020, pet. denied) ("[T]here is no statutory basis for an interlocutory appeal from the trial court's October order which only addresses attorney's fees for the partial granting of the motion to dismiss. Any challenges Eureka wishes to make to the sufficiency of the attorney's fee award can be brought on appeal after final judgment."); *Seekra Realty, LLC v. Garner Paving & Constr., Ltd.*, No. 14-18-00984-CV, 2019 WL 613530, at *2 (Tex. App.—Houston [14th Dist.] Feb. 14, 2019, no pet.) (mem. op.) (concluding no jurisdiction from order granting TCPA motion and that "[a]ppellant's complaint regarding attorney's fees may be brought up on appeal when this case is finally disposed"). Likewise, we are not aware of any statutory authority that allows for the Law Firm's interlocutory appeal.

The Law Firm alternatively argues that we should remand to the trial court so that the causes of action "forming the basis of the damages and costs can be severed from Travis Law Firm's remaining live cause of action not dismissed under Chapter 27 of the Texas Civil Practice and Remedies Code."

The Law Firm provides no authority in support of its argument, and we note that the trial court has broad discretion to sever a claim. *See State v. Morello*, 547

S.W.3d 881, 889 (Tex. 2018); TEX. R. CIV. P. 41. We thus decline the Law Firm's request.

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Kelly and Rivas-Molloy.