**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4896**

---

UNITED STATES OF AMERICA,

                                            Plaintiff - Appellee,

     versus

KEVIN STATTS,

                                            Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-05-24)

---

Submitted: May 22, 2006                     Decided: July 12, 2006

---

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Brian A. Glasser, Deirdre H. Purdy, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Kevin Statts pled guilty to attempting to manufacture methamphetamine under 21 U.S.C. § 846 and possessing a firearm in furtherance of a drug trafficking crime under 21 U.S.C. § 924(c)(1)(A). The Presentence Report recommended a guidelines range of 84 to 105 months for the § 846 violation and a consecutive mandatory minimum of 60 months for the § 924(c)(1)(A) violation. The district court sentenced Statts to an 84-month term of imprisonment for the § 846 violation and a consecutive 60-month term for the § 924(c)(1)(A) violation.

On appeal, Statts primarily argues that he is entitled to resentencing because the district court improperly admitted the grand jury testimony of an unavailable witness during his sentencing. Relying on Crawford v. Washington, 541 U.S. 36 (2004), Statts contends that the Confrontation Clause should apply to the district court's consideration of this evidence. In Crawford, the Supreme Court held that the Confrontation Clause prohibits the admission at trial of testimonial statements that are not subject to cross-examination. Id. at 50-51. We conclude that Statts' position is without merit. See United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005) (holding that Crawford did not make the Confrontation Clause applicable at sentencing); United States v. Roche, 415 F.3d 614, 618 (7th Cir. 2005) (same); United States v.

<u>Luciano</u>, 414 F.3d 174, 179 (1st Cir. 2005) (same); <u>United States v. Martinez</u>, 413 F.3d 239, 243-44 (2d Cir. 2005) (same).

Additionally, Statts argues that he is entitled to resentencing because the district court considered this grand jury testimony in determining the relevant drug quantity under the guidelines without inquiring whether it bore sufficient "indicia of reliability." <u>United States v. Uwaeme</u>, 975 F.2d 1016, 1021 (4th Cir. 1992). Contrary to Statts' position, it is apparent from the record that the district court, in fact, discounted the estimation of drug quantity from the grand jury testimony by noting that it was "out of bounds." J.A. 136. Also, Statts stipulated to the relevant drug quantity in his plea agreement and confirmed this stipulation during his plea hearing. Moreover, the district court heard ample evidence from other live witnesses to support its factual findings on the relevant drug quantity. Given Statts' own stipulation and the additional evidence supporting this stipulation, we conclude that the district court did not err in determining the relevant drug quantity.

Finally, Statts claims that he is entitled to resentencing because his sentence is unreasonable under <u>United States v. Booker</u>, 543 U.S. 220 (2005). We have held that "a sentence within the properly calculated Guidelines range . . . is presumptively reasonable." <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006) (internal quotation marks omitted). The district court

3

appropriately treated the guidelines as advisory, properly calculated and considered the guideline range, and weighed the relevant § 3553(a) factors. Statts has failed to rebut the presumption that the sentence was reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED