

IN THE

TENTH COURT OF APPEALS

No. 10-16-00137-CR

**WILL ROBERT CLAUD STEINMANN,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

From the 13th District Court
Navarro County, Texas
Trial Court No. D35282-CR

**MEMORANDUM OPINION**

Will Robert Claud Steinmann was convicted of Indecency with a Child and

sentenced to 13 years in prison. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2014).

Because there is no reversible error, but also because the parties agree to reform the trial

court's judgment, the trial court's judgment is affirmed as reformed.

**BACKGROUND**

Steinmann lived with Heather and her daughter, H.P. One morning, Steinmann

woke up Heather to tell her he was having a dream about touching H.P. and found himself actually touching H.P. H.P. confirmed that Steinmann inappropriately touched her. After the police were contacted, an interview of H.P. was scheduled at the child advocacy center. Steinmann encouraged Heather to have H.P. blame someone else for the incident. On the way to the interview, Heather told H.P. to lie about who touched her, which H.P. did. When Heather's mother discovered what happened, she called the police to schedule another interview of H.P. At this interview, H.P. revealed Steinmann had touched her.

**JAIL CALL RECORDING**

Steinmann first complains that the trial court erred in admitting State's Exhibit 2, a recording of a jail call between Heather and Steinmann. On appeal, Steinmann specifically contends that the parts of the conversation regarding Heather's troubles with her mother were irrelevant and hearsay and the probative value of those statements were substantially outweighed by the danger of unfair prejudice. At trial, Steinmann specifically pointed out parts of the call that were objectionable to him, and those objectionable portions were redacted from the recording. Although he still objected to the admission of the recording, after the redactions, Steinmann did not specifically point out any other portions of the call that were objectionable.

On this record, we hold that Steinmann's trial objections were insufficient to preserve any error in the admission of any portion of the jail call recording because, after

the redactions, Steinmann's objections did not specifically point out which portions of the recording were inadmissible. *See Whitaker v. State*, 286 S.W.3d 355, 369 (Tex. Crim. App. 2009). While it might be conceded that Steinmann's objections sufficiently stated the grounds for the objections, they did not specifically identify what portions of the recording to which the stated objections applied. *Hernandez v. State*, 599 S.W.2d 614, 617 (Tex. Crim. App. 1980) (op. on reh'g).

When, as in this case, an exhibit contains both admissible and inadmissible evidence, the objection must specifically refer to the challenged material to apprise the trial court of the precise objection. *Sonnier v. State*, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995). The trial court should never be required to sift through challenged evidence to segregate admissible evidence from excludable evidence. *Jones v. State*, 843 S.W.2d 487, 492 (Tex. Crim. App. 1992), abrogated on other grounds by *Maxwell v. State*, 48 S.W.3d 196 (Tex. Crim. App. 2001). In those instances where an exhibit contains both admissible and inadmissible evidence, a trial court may "safely admit it all or exclude it all, and the losing party, no matter who he is, will be made to suffer on appeal the consequences of his insufficiently specific offer or objection." *Id.*; *In re M.P.*, 220 S.W.3d 99, 114 (Tex. App.—Waco 2007, pet. denied).

Accordingly, Steinmann has not preserved anything for our review, and his first issue is overruled.

**ADMISSION OF PHOTOGRAPH**

In his second issue, Steinman contends the trial court erred in admitting a photograph from a Facebook page because it was not properly authenticated.

Authentication is a condition precedent to admissibility of evidence. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012); *see* TEX. R. EVID. 901(a). The trial court decides the threshold question whether the proponent has supplied sufficient evidence to support a reasonable jury determination that the proffered evidence is authentic. *Tienda*, 358 S.W.3d at 638. The trial court need not be persuaded that the proffered item of evidence is authentic; rather, it must only decide whether the proponent has supplied facts sufficient to support a reasonable jury determination that the evidence is authentic. *Id*.

We review a trial court's ruling on the preliminary question of admissibility for an abuse of discretion. *Id*. We will not interfere with a ruling that a jury could reasonably find the proffered evidence is authentic if the ruling is within the zone of reasonable disagreement. *Id*.

To authenticate a photograph, there is no requirement that the individual authenticating the photograph was the photographer or was present when the photograph was taken or developed. *Hughes v. State*, 878 S.W.2d 142, 155 (Tex. Crim. App. 1993) (op. on reh'g). All that is required is testimony that the photograph accurately represents the person, object, or scene depicted in the photograph. *See Huffman v. State*,

746 S.W.2d 212, 222 (Tex. Crim. App. 1988); *Quinonez-Saa v. State*, 860 S.W.2d 704, 706 (Tex. App.—Houston [1st Dist.] 1993). An objection to photographic evidence is waived if the same information contained in the photograph is conveyed to the jury in some other form. *Ford v. State*, 919 S.W.2d 107, 117 (Tex. Crim. App. 1996).

Dr. Randy Smith was retained by the State to perform a forensic assessment of Steinmann to determine a possible explanation for the offense. After the defense rested, the State called Smith to testify. During the course of Smith's testimony, the State sought to offer a photograph taken allegedly from Steinmann's Facebook page. Steinmann objected to the photograph's introduction on the basis of improper authentication, among other reasons.[1] After the photograph was admitted, Smith described the photograph as depicting Steinmann and H.P. in a "boyfriend/girlfriend" pose and flashing a gang sign to show solidarity, which, to Smith, suggested an inappropriate relationship between a parent and child.

Immediately prior to the introduction of the photograph, the State introduced Smith's written assessment of Steinmann. In the report, Smith stated that he saw a photograph on Steinmann's Facebook page which showed Steinmann "in repose with his step-daughter enveloped in the crook of his arm." When reviewing the admitted photograph, it is clear that Smith was referring to the same photograph in his report.

---

[1] The other reasons are not discussed by Steinmann on appeal.

While Steinman made other general objections to the report, he did not object to the portion of the report describing the photograph from Facebook. Thus, Steinmann's objection to the introduction of the photograph into evidence is waived because the information contained in it was conveyed to the jury by Smith's report.

Steinmann's second issue is overruled.

**HEARSAY**

Steinmann next argues that the trial court erred when it overruled Steinmann's hearsay objection during Detective Jason Earles's testimony. Specifically, Steinmann complains that the following testimony was hearsay and that the trial court should have sustained his hearsay objection:

> She said that she had stopped. Her mother was driving the vehicle to the CAC, when they left the … school, and they stopped at a gas station …. [Heather] said that her and her daughter, [H.P.], went inside the gas station in to the bathroom, where [Heather] sat on the toilet and [H.P.] faced the stall door. [Heather] then indicated that she had influenced her daughter to protect her daddy. And –

However, Steinmann only objected that this answer was narrative, which the trial court sustained.[2] Steinmann's complaint on appeal does not comport with the objection made at trial and has not been preserved for our review. *See* TEX. R. APP. P. 33.1; *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Accordingly, Steinmann's third issue is

---

[2] Earlier, the State asked Earles about a conversation with Heather as to why she and H.P. were late to the first interview. As Earles was beginning to answer, Steinmann objected as to hearsay. Steinmann did not ask for a running objection as to whatever the remainder of Earles's answer would be.

overruled.

**CLERICAL MISTAKES**

In his fourth and fifth issues, Steinman contends the trial court's judgment is incorrect and must be modified to reflect the correct section of the Texas Penal Code of which he was found to have been convicted[3] and to reflect the correct date the judgment was entered. These deficiencies appear to be clerical mistakes, not errors; nevertheless, the State agrees the judgment should be modified.

We have the authority to correct and reform a judgment when we have the necessary data and information to do so. *See Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we reform the trial court's judgment as agreed by the parties to reflect:

1.  the date the judgment was entered is 4/7/2016; and

2.  the statute for the offense is 21.11(a)(1) Penal Code.

Steinmann's fourth and fifth issues are overruled.[4]

---

[3] We have held many times, most recently in March of this year, that statutory penal provisions are not required by the Code of Criminal Procedure to be included in the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, Sec. 1(13) (West 2006); *Sabedra v. State*, No. 10-16-00033-CR, 2017 Tex. App. LEXIS 2241, at *6 (App.—Waco Mar. 15, 2017).

[4] As we have said before, rather than an appeal, we note that a more efficient manner of making this type of change may be a motion for modification or motion for judgment nunc pro tunc, depending on the timing of the discovery of the issues, filed in the trial court. *Kerr v. State*, No. 10-15-00113-CR, 2016 Tex. App. LEXIS 12082, at *2 n.3 (Tex. App.—Waco Nov. 9, 2016, no pet.) (not designated for publication).

**CONCLUSION**

Having overruled each of Steinmann's issues on appeal but also having reformed the trial court's judgment, we affirm the trial court's judgment as reformed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed as reformed
Opinion delivered and filed June 14, 2017
Do not publish
[CR25]

